Richard L. Feldman v. Commissioner.
Feldman v. Commissioner
Docket No. 6168-64.
United States Tax Court
T.C. Memo 1967-91; 1967 Tax Ct. Memo LEXIS 169; 26 T.C.M. (CCH) 444; T.C.M. (RIA) 67091; April 27, 1967
*169 Held: Petitioner was not entitled to credit social security taxes withheld from his salary against income taxes since the social security taxes were not shown to be improperly withheld. Held, further: Expenses attributable to scientific research on "shadow bands" were not related to a trade or business, nor was the research a condition of or directly connected with petitioner's employment; the expenses were therefore not deductible. Held, further: A donation for flood victims did not qualify as a charitable contribution since it was not shown that the recipient of the donation qualified as a charitable organization. Held, further: Petitioner was not entitled to deduct from gross income money given for the support of two cousins; they did not qualify as his dependents. Richard L. Feldman, pro se, 847 South Dakota Ave., Tampa, Fla. Lester E. Glass, Jr., for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency in petitioner's income tax for 1963 in the amount of $339.54. Petitioner has conceded certain issues, but the following questions remain for our decision: (1) Whether petitioner was entitled to a credit against 1963 income taxes for social security taxes withheld from his salary. (2) Whether petitioner properly deducted expenses relating to scientific research on "shadow bands." (3) Whether petitioner's donation of money to be used in aid of flood victims qualified as a charitable deduction. (4) Whether petitioner properly claimed a deduction for a contribution toward the support of two cousins. Findings of Fact Richard L. Feldman (hereinafter referred to as petitioner), filed his 1963 income tax return with the district director of internal revenue in Richmond, Virginia. During 1963 petitioner was employed as a teacher by the Stafford County School Board in Virginia and reported gross income *172 therefrom in the amount of $3,712.50, from which social security taxes of $134.56 were withheld. In his return petitioner claimed that the social security taxes were "unredeemed" and illegally withheld and treated this amount and an additional amount of $44.84 withheld under social security during the last four months of 1962 as Federal income taxes withheld. Petitioner taught physics at Stafford High School in 1963. Petitioner had conducted research on a solar eclipse phenomenon called "shadow bands," for many years and he is known as an authority on this subject. He made a trip to Bangor, Maine in the summer of 1963 in connection with this research and incurred expenses of approximately $100. Petitioner deducted $137 from his gross income in 1963 for research on "shadow bands." Respondent disallowed $134 of this amount. Research projects were not a required condition of petitioner's employment as a high school teacher, and petitioner's particular research was not connected with the course in high school physics he taught in 1963; no income was earned by petitioner with respect to his research on "shadow bands" in 1963. Petitioner claimed a charitable deduction in the amount of *173 $5.98 for "Flood victims, Wise County (Mrs. Ryland Heflin)" which was disallowed by respondent. Petitioner gave a check for that amount to the wife of the president of the Stafford County School Board in 1963; she collected clothes, food and funds to help victims of a flood in Wise County, Virginia that spring. Petitioner was told that his contribution was used to buy wrappings for the articles collected and sent to Wise County. Petitioner also claimed a deduction of $545 for payments toward the care of two aged relatives, the daughters of his uncle. This item was disallowed by respondent. Petitioner contributed this sum for the support of his two cousins of advanced age in 1963. One of the cousins received approximately $79 per month from Social Security. The cousins lived in Maryland and were not members of petitioner's household during 1963. Opinion Petitioner contends that the social security taxes withheld from his salary earned as a teacher for the Stafford County School Board were withheld illegally and that a credit should be allowed in the same amount against income taxes. The basis of petitioner's contention is that he did not authorize the collection of such a tax *174 by signing an application for social security coverage, and that therefore the collection was an unconstitutional form of direct taxation. Petitioner's alleged reason for refusing to join the social security system is that he had previously retired under another school system's plan without social security benefits and that no benefits would be received under social security attributable to his 9-month period of employment in 1963 with the Stafford County School Board. Section 3503 [1] provides that withheld social security taxes for which a taxpayer is not liable shall be credited against taxes imposed by any other chapter of the Code with any balance being refunded. Respondent determined that the social security taxes withheld were not erroneously paid and treated the credit shown on the return as a mathematical error as provided in section 6201(a)(3). Social security taxes are paid under the provisions of the Federal Insurance Contributions Act, set forth in sections 3101 through 3126 of the Code. Social security taxes were held constitutional by the Supreme Court in Chas. C. Steward Mach. Co. v. Davis, 301 U.S. 548 (1937). *175 The Federal Insurance Contributions Act is a mandatory plan for designated employees and does not allow a person covered by the terms of the Act to elect not to contribute because of an expectation of no benefits under the system. Petitioner has not shown that social security taxes were improperly withheld from his salary in 1963 under the provisions of the Act. We therefore uphold respondent's determination that the petitioner was liable for the social security taxes withheld and that petitioner is therefore not entitled to credit the social security taxes to which he personally objects against income taxes. Due to the foregoing conclusion, it is unnecessary to determine whether social security taxes withheld in 1962 could be credited against income taxes for 1963. The next issue for our consideration is petitioner's claimed deduction for expenses relating to scientific research on "shadow bands." Section 162(a) provides for the deduction of all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Petitioner has admitted that this research did not constitute a trade or business from which he had or hoped to derive income. *176 However, petitioner relies upon Rev. Rul. 63-275, 1963-2 C.B. 85, which deals with research and related expenses incurred by college and university professors. It was there ruled that such expenditures were deductible under section 162(a) when the expenses were incurred as a means of carrying out the duties expected of the taxpayer in his capacity as a professor and without expectation of profit apart from salary. It was also stated that the professor had the burden to show that the research was directly related to the general field in which the professor is performing services as an educator. Petitioner has made no showing that research of the type conducted was expected of him in his capacity as a teacher of high school physics by the Stafford County School Board. He did not contend that the research in question was related in any way to teaching high school physics. Petitioner's reliance on the Revenue Ruling is therefore misplaced even if we were disposed to apply the principles therein announced. Petitioner has failed to assert any other ground for the claimed deduction, and we therefore uphold respondent's disallowance. The next issue involves the charitable *177 deduction claimed for money donated to a fund for the relief of flood victims. A contribution is only deductible as a charitable contribution if the requirements of section 170 pertaining to qualification as a charitable contribution donee are met by the recipient of the contribution. This involves an analysis of the nature and activities of the organization receiving the contribution. No evidence was presented with respect to these elements, and it is therefore impossible to hold that the donation in question qualified as a charitable contribution. Respondent has determined otherwise, and petitioner has not overcome the presumptive correctness of this determination. We hold, therefore, that the donation in question although generously made for apparently worthwhile purposes does not qualify as a deductible charitable contribution under the tax law. The final issue concerns a deduction claimed for money sent to two elderly cousins to aid in their support. The Code provides in section 151 an exemption of $600 for each of a taxpayer's dependents. This is the only section possibly applicable to money paid for the support of relatives. Thus, petitioner can only prevail on this issue *178 by proving that his cousins qualified as his dependents. However, a "dependent" is a technical term defined in section 152, and the cousin of a taxpayer only qualifies as a "dependent" if she "has as [her] principal place of abode the home of the taxpayer and is a member of the taxpayer's household" or if she was formerly a member of the same household as the taxpayer and was receiving institutional care during the taxable year. Petitioner's cousins did not reside at his home in 1963 and it does not appear that taxpayer ever shared his household with them. However highly commendable petitioner's actions in contributing to his ancient relatives' support may be, he has completely failed to show by any evidence that he is entitled to the deduction claimed for additional dependency exemptions. The two affectionately regarded cousins in Maryland do not qualify as dependents under the express terms of the statute. Respondent's determination with regard to this issue is accordingly upheld. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954.↩